IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MICHAEL DEAN TOMES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#21) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Fredilyn Sison, and the Government was present through AUSA Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report.

The Defendant was charged in a bill of indictment (#1) filed on December 1, 2015 with involuntary manslaughter, in violation of 18 U.S.C. § 1112 and 1152. A

1

hearing was held in regard to the detention of the Defendant on March 28, 2016 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond (#6 & #7). The undersigned further set conditions of release which included the following:

>  (1)   Defendant shall not commit any offense in violation of federal, state or local law while on release.
>
>  (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On June 27, 2016 Defendant submitted to a drug screen which tested positive for methamphetamine. The sample was sent to Alere Laboratories on July 7, 2016 for confirmation and the testing showed that Defendant's urine tested positive for his use of methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>  (1)   finds that there is----
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
>  (2)   finds that ---

  (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
  (B) the person is unlikely to abide by any condition or combination of conditions of release.

  If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

  Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal crime while on release. The Defendant tested positive for the use of methamphetamine which requires that he had possessed such substance. The use of methamphetamine is at least a misdemeanor under federal law. 21 U.S.C. § 844.

  There has further been shown by clear and convincing evidence that Defendant violated the terms and conditions of his pretrial release which required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The Defendant's urine tested positive for his use of methamphetamine. Methamphetamine is not a drug that is prescribed by a licensed medical practitioner. It appears from the evidence that Defendant violated the terms and condition of his release which required that he refrain from use or unlawful possession of a narcotic

or other controlled substance unless prescribed by a license medical practitioner.

Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release (#6 & #7) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: August 30, 2016

_____

Dennis L. Howell
United States Magistrate Judge